# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

———————————————————————

S.M., a minor, by and through her Parents
and natural guardians, CEDRIC MCCARRALL
and CARMEN DAVIDSON-MCCARRALL,
individually on behalf of themselves and all
those similarly situated,

        Plaintiff,

vs.

                                        Case No.
                                        Honorable
                                        Magistrate Judge

BLOOMFIELD HILLS SCHOOL DISTRICT,
PATRICK WATSON and CHARLIE
HOLLERITH in their individual and official
capacities;

        Defendants.

——————————————————————————————/

Mungo & Mungo at Law, PLLC
Leonard Mungo (P-43562)
Attorneys for Plaintiff
31700 Telegraph Rd., Ste 250
Bingham Farms, MI 48025
(248)792-7557 (phone)
(248)792-7303 (fax)
Caseaction@Mungoatlaw.com

——————————————————————————————/

## COMPLAINT AND JURY DEMAND

Plaintiffs, by and through their attorneys, Mungo & Mungo at Law, PLLC.,

and for its complaint against the above named Defendants, states as follows:

## PRELIMINARY STATEMENT

1.     This Civil Rights Class Action lawsuit is pursued on behalf of S.M., an African American minor and student at Bloomfield Hills High School, her parents, CEDRIC MCCARRALL and CARMEN DAVIDSON-MCCARRALL, and other similarly situated African American students and their parents who have and will continue to experience serious, malicious, and racist pronouncements and threats of death and bodily injury at Bloomfield Hills High School (BHHS) in which Defendant Bloomfield Hills School District (BHSD) fails to provide African American students and their parents with a safe, healthy, and non-discriminatory learning and general environment.

2.     As students of color, Plaintiffs and their parents have experienced racist, unfair, hurtful, and at times dangerous interactions at BHHS at the hands of both White staff and students.

3.     Despite being notified of race discrimination and related injustices by students and parents, Defendant has failed and continues to fail to take steps reasonably calculated to stop the discrimination and ensure Plaintiffs' safety.

4.     BHSD further treats Plaintiffs differently than their Caucasian counterparts, in a discriminatory manner.

5.     Caucasian students tend to receive more second chances when engaging in inappropriate—even racist and bullying—behavior. Caucasian students

2

tend to receive more informal discipline as opposed to African American students who are suspended or expelled from the district.

6.     Additionally, BHSD fails to care for the well-being of African American students as compared to Caucasian students.

7.     BHSD also treats African American students' guardians differently. On information and belief, BHSD often ignores complaints from parents of African American or bi-racial students.

8.     BHSD's leadership often ignores guardians' phone calls and emails attempting to address the troubling treatment of their children.

9.     Defendant's lack of meaningful action to end racial bullying is consistent with the culture of racial hostility that BHSD has allowed to permeate their schools and other common areas under their control, such as school buses.

10.     Plaintiffs have suffered and continue to suffer emotional trauma as a result of Defendant's conduct.

11.     In addition to monetary damages, Plaintiff seeks declaratory relief and immediate temporary and permanent injunctive relief prohibiting Defendants from continuing their patterns and/or practices of ratifying, condoning, and authorizing violent, racist, and unlawful threats and pronouncements directed against the Plaintiffs and others similarly situated. The failure to provide such relief will result in these unlawful practices continuing, thereby causing irreparable harm to

Plaintiffs, for which no plain, adequate, or complete remedy at law is otherwise available.

## JURISDICTION AND VENUE

12.     This action arises under the Fourteenth Amendment to the United States Constitution, Civil Rights Act of 1871, 42 U.S.C. § 1983, 1985, 1986, Title VI of the Civil Rights Act of 1964 (Title VI), 42 U.S.C. § 2000d, and the Constitution and laws of the State of Michigan.

13.     Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for the violation of Plaintiffs' constitutional and civil rights. Plaintiffs' claim for declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

14.     This Court has jurisdiction to issue injunctive and declaratory relief pursuant to 28 U.S.C. § 2201 and 2202 and Fed. R. Civ. P. 57 and 65.

15.      This Court also has supplemental jurisdiction with respect to claims arising under State law pursuant to 28 U.S.C. § 1367.

16.     Venue is proper in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b)(2), because this is the judicial district in which the events giving rise to the claim occurred.

## PARTIES

17.     Plaintiff, SM a minor,  is a 15-year-old African American female student at Bloomfield Hills High School.

18.     CEDRIC    MCCARRALL    and    CARMEN    DAVIDSON-MCCARRALL, African Americans, at all times material hereto, were and are S.M.'s parents and legal guardians.

19.     Defendant BHSD is a public school district, so authorized under the laws of the State of Michigan, that operates Bloomfield Hills High School, as a part of its responsibilities and services. At all relevant times herein, Defendant FPS acted under color of regulation, usage, custom, and law, and pursuant to its policies and practices.

20.     Defendant PATRICK WATSON (hereinafter "WATSON") was, at all times material to this action, The Superintendent and employed by BHSD. Defendant WATSON is sued in both his individual and official capacities. At all relevant times herein, Defendant WATSON acted under color of regulation, usage, custom, and law, and pursuant to the policies and practices of Defendant BHSD.

21.     Defendant CHARLIE HOLLERITH (hereinafter "HOLLERITH") was, at all times material to this action, the Principal of Bloomfield Hills High School and employed by BHSD. Defendant HOLLERITH is sued in both his individual and official capacities. At all relevant times herein, Defendant

HOLLERITH acted under color of regulation, usage, custom, and law, and pursuant to the policies and practices of Defendant BHSD.

22.     Defendant BHSD is largely a (WHITE) racially homogenous district.

## CLASS ACTION ALLEGATIONS

23.     Plaintiff, SM a minor, is a 15-year-old student at Bloomfield Hills High School

24.     and for 14 months has been subjected to outrageous threats, intimidation, harassment, degradation, and humiliation, directed not only at her but at her family as well, including her parents, Plaintiffs CEDRIC MCCARRALL and CARMEN DAVIDSON-MCCARRALL, individually.

25.     The Defendants herein bear a special relationship to these Plaintiffs in that minor children are placed by their parents under the care and custody of the defendants while they are in school. Further, these Defendants, have the authority to control and discipline those of their students who are engaged in threatening and racist activities, including writings on school premises, as well as social media posts, posted by their students. To date, Defendants have failed to do so, thereby condoning, ratifying, authorizing, and participating in this activity.

26.     Plaintiffs also bring this case as representatives of all African American students at Bloomfield Hills High School and their parents. The class

members have all been subjected to the same and/or similar racist pronouncements and threats – including death threats – as have been the named Plaintiffs herein. As such, all class members have suffered similar psychological and emotional injuries as have the named Plaintiffs herein.

27.     The number of Bloomfield Hills High Students and family members of those students who have been injured by exposure to the racist assertions and threats is numerous. The number of class members is sufficiently numerous to make class action status the most practical method for Plaintiffs to secure redress for injuries sustained and class wide equitable relief.

28.     There are questions of law and fact raised by the named Plaintiffs' claims common to, and typical of, those raised by the Class they seek to represent.

29.     The violations of law and resulting harms alleged by the named Plaintiffs are typical of the legal violations and harms suffered by all Class members.

30.     Plaintiff Class representatives will fairly and adequately protect the interests of the Plaintiff class members. Plaintiffs' counsel is unaware of any conflicts of interest between the class representatives and absent class members with respect to the matters at issue in this litigation; the class representatives will vigorously prosecute the suit on behalf of the Class; and the class representatives are represented by experienced counsel. Plaintiffs are represented by attorneys with substantial experience and expertise in complex Civil litigation involving Civil

Rights and discrimination issues.

31.     Plaintiffs' attorneys have identified and thoroughly investigated all claims in this action and have committed sufficient resources to represent the Class.

32.     The maintenance of the action as a class action will be superior to other available methods of adjudication and will promote the convenient administration of justice.  Moreover, the prosecution of separate actions by individual members of the Class could result in inconsistent or varying adjudications with respect to individual members of the Class and/or one or more of the Defendants.

33.     Defendants have acted or failed to act on grounds generally applicable to all Plaintiffs, necessitating declaratory and injunctive relief for the Class.

### _Plaintiffs Seek Injunctive Relief because Defendants' Actions Have Caused and Continue to Cause Harm_

34.     Of necessity, Plaintiff, SM a minor, and other class members will be forced to continue as a student at Bloomfield Hills High School and, consequently, S.M. and her parents CEDRIC MCCARRALL and CARMEN DAVIDSON-MCCARRALL, and other class members are realistically fearful that racist threats, pronouncements, and actions will be repeated and continue absent injunctive relief to prohibit the practices, policies, and customs of the Defendants and that have been encouraged, fostered, condoned, and ratified by the Defendants.

35.     Plaintiffs fear for their safety as a result of racist threats,

pronouncements, actions, and violence fostered by Defendants because it has continued repeated, notwithstanding Defendants' knowledge and fostering of it without any intervention by said Defendants to prevent it.

36.    Injunctive relief sought incudes, but is not limited to:

o  Immediate prompt, thorough, and complete investigation to determine the source of any and all racist threats and pronouncements;

o  Immediate attempt to identify the source of such threats and/or pronouncement;

o   Immediate and clear warning to all students and their parents that such racist conduct will be immediately and promptly disciplined;

o  Immediate training to all school staff and faculty and staff as to the significance, history, and injurious significance of said threats and pronouncements;

o  Immediate training to all school staff and faculty for purposes of instructing and teaching their students as to the significance, history, and injurious significance of said threats and pronouncements;

o  Immediate training to all school staff and faculty and staff as to the significance and implications of the Defendants' past failure to address said threats and pronouncements;

o  Appoint a neutral mediator to oversee the implementation of all aforementioned training for teachers, staff, administrators, and students.

o  Appoint an Industrial Organizational Psychologist to conduct an assessment and identification of the districts policies practices and procedures that result in the racist discriminatory

institutional practices at Bloomfield Hills High School.

o Appoint a special master to monitor the progress toward eliminating the racist, unlawful, discriminatory, institutional customs, policies, and practices until said practices no longer exist.

o Requiring Defendant BHSD to hire African American teachers and staff that reflect the same percentage of African American Students in attendance at BHHS. To be completed within a period of two years.

o All other relief that is and/or may be appropriate.

## FACTUAL BACKGROUND

37.   On or about June of 2020, Plaintiff, SM, enrolled to attend Defendant's Bloomfield Hills High School.

38.   Shortly after her enrollment, at Defendant, BHHS, Defendant, BHHS unlawfully terminated Plaintiff, SM's access to her curriculum and educational resources. Were Plaintiff, SM White, Defendant BHHS would not have unlawfully terminated her access to her curriculum and educational resources.

39.   As a result of Defendant, BHHS's unlawful termination of SM's access to her curriculum and educational resources, Plaintiff, SM could no longer access the lessons, lectures and materials needed to complete her assignments.

40.   On or about April of 2021, Plaintiff's BHHS Guidance Counselor, who was white, communicated to Plaintiff, SM's parents that Plaintiff, SM was

struggling, falling behind in her studies and failing her classes.

41.     On or about April 2021, Plaintiff and her parents received threatening emails from her White teachers, telling Plaintiff and her parents that Plaintiff, SM was going to be held back a grade because she was failing her classes.

42.     Said calls and threats made to Plaintiffs, SM and her parents were done to harass Plaintiff and her parents because of Plaintiff, SM and her parents' race, African American.

43.     Had Plaintiff SM been White she would not have been subjected to such harassment and demeaning treatment. Defendants Watson and Hollerith knew and or should have known of the above described incidents however, refused or otherwise failed to take any action against the persons responsible for said acts of unlawful racial intimidation and discrimination.

44.     On or about July of 2021, Plaintiff became a member of Defendant BHHS' Equestrian team.

45.     A roster of all of the Equestrian team members was complied. The first and last names of all of the White members of the team appeared on the roster. Defendant's BHHS published only the first name of Plaintiff, SM on the team roster.

46.     Defendant BHHS publicly published posted the team's roster in various places on the school's campus. Plaintiff, SM was treated less favorably than and inferior to her White teammates. Had Plaintiff, SM been White, her full name would

11

have appeared on the team's roster rather than just her first name. Plaintiff was embarrassed and humiliated as a result of Defendant, BHHS's unfair and discriminatory treatment as a member of BHHS's Equestrian team.

47.   Plaintiff was the only Black student on the team.

48.   In or around September of 2021, during an event involving Plaintiff's Equestrian team, Plaintiff's parents showed up for the event which lasted more than fourteen hours and they were ostracized by the coach who turned her back on Plaintiff's parents and did not engage with them the entire time. This made Plaintiff, SM and her parents feel like SM was unwelcomed as a member of the team.

49.   Throughout Plaintiff's entire time on the equestrian team, her White teammates isolated and ostracized her making her feel unwanted as a member of the team. Defendants Watson and Hollerith knew and or should have known of the above described incidents however, refused or otherwise failed to take any action against the persons responsible for said acts of unlawful racial intimidation and discrimination.

50.   On or about November of 2021, a Black doll with red lips was hung by a hanging noose over the banister of the second floor and dangled down into the main hallway in clear view of all to observe including Defendant, BHHS's African American students. (See screenshots below). Defendants Watson and Hollerith knew and or should have known of said incident however, refused or otherwise failed to

take any action against the persons responsible for said acts of unlawful racial intimidation and discrimination.





51.     Various BHHS students captured the event on video and circulated it on social media and to Defendant BHHS's African American Students including Plaintiff SM.

52.     After viewing the above described video of the Black Doll with red lips hanging from a noose Plaintiff, SM became extremely upset. Plaintiff went to see her counselor to complain about the incident and how it disturbed her.

53.     Plaintiff, SM's counselor explained to Plaintiff SM that the hanging Black doll with red lips from the second floor inside Defendant's BHHS on a

14

hanging noose was part of a science project being conducted by a white teacher at Defendant's BHHS.

54.     The same Black doll was later dragged down the hall of Defendant's BHHS on the noose by a white student which was also captured and circulated among BHHS's students including its African American students via social media around the entire school. Defendants Watson and Hollerith knew and or should have known of the above described incidents pertaining to the hanging of a Black doll in plain view of African American students and of same being circulated around social media however, refused or otherwise failed to take any action against the persons responsible for said acts of unlawful racial intimidation and discrimination.

55.     On or about November of 2021, a White female student in Plaintiff's class, said the word "nigga" during and in the presence and hearing of the entire class. Plaintiff reported this to the teacher who replied that it was "only dark humor." Defendants Watson and Hollerith knew and or should have known of said incident however, refused or otherwise failed to take any action against the student making the racial slur.

56.     The White female student that made the racial slur was never penalized for using the racial slur or removed form the classroom.

57.     On or about November 10, 2021, Plaintiff, SM entered the women's restroom at Defendant's BHHS, upon entering the restroom she saw the writing on

the wall of the bathroom that stated, "Kill all Niggers!!" (See screenshot below)



58.    On another occasion another racially intimidating threat on Plaintiff's life was seen by Plaintiff. (See screenshot below).



59.    Viewing the above racial threat upon her life made Plaintiff feel frightened to be in the presence of her white classmates and other Whites in the school. The above described series of unlawful intimidation, threats and acts of racial discrimination and animus expressed by Whites against African Americans caused Plaintiff extreme emotional distress and precipitated physical effects on her including but not limited to, causing her skin to breakout in a rash, causing her

16

sleeplessness and nightmares (Dreaming that she is being chased by white people), loss of appetite, and negatively impacting the quality of her schoolwork. Defendants Watson and Hollerith knew and or should have known of the above described incidents pertaining to the threats on the life of Plaintiff, SM and other African Americans because of their race however, refused or otherwise failed to take any action against the persons responsible for said acts of unlawful racial intimidation and discrimination.

60.    On or about November 15, 2021 Plaintiff went to school with her hair braided, while in class, white students asked to touch Plaintiff's hair and made offensive comments and asked offensive questions such as "why do Black people put weave in their hair?" Defendants, Watson and Hollerith promoted, tolerated and maintained a custom, policy and practice of unlawful racially discriminatory practices and acts by the teachers, staff, administrators and students at Defendant's BHHS.

61.    Plaintiff regularly hears White students in the hallway use the word "nigger" and or "nigga" and has reported this to her guidance counselor, principal and the superintendent, to which no action to abate these unlawful racially discriminatory acts has been taken.

62.    Social Media posts circulating amongst Defendant's BHHS students is replete with expressions of racial hatred of Whites toward African Americans with

consistent expressions of threats and suggestions to carry out acts of physical violence against African American students and parents. (See screenshots below). Defendants Watson and Hollerith knew and or should have known of the above described ongoing imminent and active threats of physical violence and death of African American students and parents because of their race however, refused or otherwise failed to take any action against the persons responsible for creating and maintaining the environment of racial hostility and harassment. said acts of unlawful racial intimidation and discrimination.





63.     On or about November 18, 2021, Defendant's BHHS, reported as a yet

another racist incident, a writing that was found on the toilet paper dispenser of the

middle stall of the girl's bathroom on the second floor that read "Don't F** (illegible)

N***." Defendants, Watson and Hollerith promoted, tolerated and maintained a

custom, policy and practice of unlawful racially discriminatory practices and acts by

the White teachers, staff, administrators and students at Defendant's BHHS.

**<u>COUNT I-CAUSE OF ACTION:</u>**
**<u>42 U.S.C. § 1983 – 14th AMENDMENT</u>**
**<u>EQUAL PROTECTION</u>**
**<u>ALL DEFENDANTS</u>**

64.    Plaintiffs incorporate by reference the allegations set forth in the paragraphs above.

65.    Plaintiffs, as students in a school operated, managed, and supervised by Defendants, have a clearly established right under the equal protection clause of the Fourteenth Amendment to the United States Constitution and enforceable under 42 USC §1983 to be protected from dangers, dangerous situations enhanced by the ratification and condonation of Defendants, persons acting under color of state law.

66.    Defendants, while acting under color of state law, affirmatively aggravated and exacerbated the dangers and dangerous situations to which Plaintiffs were exposed making them more vulnerable to said dangers.

67.    Defendants, while acting under color of state law, affirmatively continued and perpetuated the dangers, risks of harm and dangerous situations to which they exposed Plaintiffs making them more vulnerable to said dangers.

68.    Defendants were aware that their conduct could result in the deprivation of Plaintiffs' rights to equal protection and to be protected from the dangers, dangerous situations, or being made more vulnerable to the dangers affirmatively known to them and created and perpetuated by them.

69.    This conduct was reckless, deliberately indifferent and/or so

20

outrageous as to shock the conscience, such that it was culpable in the extreme, insofar as these Defendants knew of and nonetheless disregarded the substantial risk of serious harm to Plaintiffs.

70.     These actions of Defendants constituted affirmative acts that caused and/or substantially increased the risks of physical and emotional harm to the Plaintiffs.

71.     Because the threats and racist pronouncements were directed at Plaintiffs, African Americans, the Defendants refused and otherwise failed to act to protect Plaintiffs. Had these actions been directed at white students and other white people, Defendants would have properly responded to stop such misconduct.

72.     As a direct and proximate result of the unconstitutional acts of Defendants as alleged in this Complaint, Plaintiffs suffered violations of their fundamental rights to bodily integrity, property and liberty interests, including but not limited to:

> a. Psychological and emotional harm and potential physical injuries attributable thereto;
>
> b. Pain and suffering;
>
> c. Outrage, mental anguish, fear and mortification, and stress related physical symptoms, all set forth in the Paragraphs above.

73.     The conduct of Defendants was reckless and outrageous, entitling Plaintiffs and Plaintiff Class members to an award of punitive damages, as well as costs and reasonable attorney fees, pursuant to 42 U.S.C. § 1988.

## COUNT II -CAUSE OF ACTION:
## 42 U.S.C. § 1985(3)
## INVIDIOUS RACIAL ANIMUS

74.   Plaintiffs incorporate by reference the allegations set forth in the Paragraphs above.

75.   Plaintiffs and Plaintiff Class incorporate by reference the allegations set forth in the Paragraphs above as if fully set forth herein.

76.   Defendants acting under color of law, and in their respective individual and/or official capacities, engaged in conduct and/or adopted laws and policies that violated Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution, and conspired to do so;

77.   42 U.S.C § 1985 (3) protects Plaintiffs of the conspiracy of two or more of the Defendants who directly or indirectly deprive Plaintiffs of the equal protection of the laws because of invidious racial animus.

78.   Because the threats and racist pronouncements were directed at African Americans, the Defendants failed to act to protect Plaintiffs, had these actions been directed at white students and other white people, Defendants would have properly responded to stop such misconduct.

79.   The Equal Protection Clause protects citizens against laws and the application of laws that invidiously discriminate between similarly situated individuals or between groups of persons in the exercise of fundamental rights.

80.   Defendants' conduct deliberately exposed Plaintiffs to the continued violation of their rights and continues to do so.

81.   As a direct and proximate result of the conspiracy and the unconstitutional acts of Defendants as alleged in this Complaint, Plaintiffs have suffered violations of their fundamental constitutional rights including but not limited to:

    a.   Psychological and emotional harm and physical injuries attributable thereto;

    b.   Pain and suffering;

    c.   Outrage, mental anguish, fear and mortification, and stress related physical symptoms, all set forth in the Paragraphs above.

    d.   Deprived of equal access to publicly funded educational resources and opportunities.

82.   The conduct of Defendants was reckless and outrageous, entitling Plaintiffs and Plaintiff Class members to an award of punitive damages, as well as costs and reasonable attorney fees, pursuant to 42 U.S.C. §1988.


### COUNT III -CAUSE OF ACTION:
### 42 U.S.C. § 1986
### INVIDIOUS RACIAL ANIMUS

83.   Plaintiffs incorporate by reference the allegations set forth in the Paragraphs above.

84.   At all times herein, Defendants knew of and were aware of the

conspiracy of others to harm the Plaintiffs herein.

85.    Further Defendants had the power and authority to prevent and/or aid in the prevention of same, yet Defendants failed, refused and/or neglected to do so.

86.    As a direct and proximate result of the conspiracy and the unconstitutional acts of Defendants as alleged in this Complaint, Plaintiffs have suffered violations of their fundamental constitutional rights, including but not limited to:

      a.   Psychological and emotional harm and potential physical injuries attributable thereto;

      b.   Pain and suffering;

      c.   Outrage, mental anguish, fear and mortification, and stress related physical symptoms, as set forth above.

      d.   Deprived of equal access to publicly funded educational resources and opportunities.

## COUNT IV
### Title IV, 42 U.S.C. § 2000d

87.    Plaintiffs incorporate by reference the allegations set forth in the paragraphs above.

88.    42 U.S.C. § 2000d, commonly referred to as Title VI, and its implementing regulations prohibit discrimination in a federally funded school on the basis of a student's race.

24

89.     Specifically, 42 U.S.C. § 2000d provides that "No person in the United States shall, on the ground of race, color, or national origin, be exclude from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

90.     Defendant is a recipient of federal funds.

91.     Plaintiffs were subjected to harassment, discrimination, and disparate treatment on the basis of their race.

92.     Defendant had notice of the racial hostility occurring at Bloomfield Hills High School. A number of incidents were reported to school administration. BHSD failed to take remedial measures to prevent further discrimination of the Plaintiffs and other African American students allowing the behavior to continue and permeate throughout the school district.

93.     Racial hostility permeated (and continues to permeate) BHHS of such severity and pervasiveness as to significantly alter the conditions of each Plaintiff's educational environment resulting in the threat of physical attacks and injuries and thereby denying Plaintiffs equal access to the school's resources and opportunities.

94.     Defendant, despite actual knowledge and adequate opportunity to learn of this misconduct, failed to act to remedy the harassment, discrimination, and disparate treatment of Plaintiffs.

95.     As a direct result of the actions and conduct of Defendant, Plaintiffs

suffered and continue to suffer emotional distress, loss of companionship, loss of educational opportunities, and other damages in excess of $75,000.

96.     As a result of Defendant's violations, Plaintiffs are also entitled to their attorneys' fees and costs.

## COUNT V
## MCL 37.2302 - ELLIOTT-LARSEN CIVIL RIGHTS ACT

97.     Plaintiffs incorporate by reference the allegations set forth in the Paragraphs above.

98.     Based on the facts, as asserted herein, Defendants - "persons" as that term is defined by MCL § 37.2103(g) - denied Plaintiffs the full and equal access to and enjoyment of Bloomfield Hills High School and its resources, facilities, and services on account of their race.

99.     As a direct and proximate result of the conspiracy and the unconstitutional acts of Defendants as alleged in this Complaint, Plaintiffs have suffered violations of their fundamental constitutional rights including but not limited to:

    a. Psychological and emotional harm and potential physical injuries attributable thereto;

    b. Pain and suffering;

    c. Outrage, mental anguish, fear and mortification, and stress related physical symptoms, all set forth in the Paragraphs above;

26

    d. Deprivation of equal access to publicly funded educational resources and opportunities.

Accordingly, plaintiffs request the following relief from the court:

    a.      An order certifying this case as a Class Action;

    b.      An order declaring the conduct of defendants unconstitutional;

    c.      An order of equitable relief, to wit:

o Immediate prompt, thorough, and complete investigation to determine the source of any and all racist threats and pronouncements;

o Immediate attempt to identify the source of such threats and/or pronouncement;

o Immediate and clear warning to all students and their parents that such racist conduct will be immediately and promptly disciplined;

o Immediate training to all school staff and faculty and staff as to the significance, history, and injurious significance of said threats and pronouncements;

o Immediate training to all school staff and faculty for purposes of instructing and teaching their students as to the significance, history, and injurious significance of said threats and pronouncements;

o Immediate training to all school staff and faculty as to the significance and implications of the Defendants' past failure to address said threats and pronouncements;

o Immediate training to all school staff and faculty as to the significance and implications of the Defendants' past failure to address said threats and pronouncements;

o Appoint a neutral mediator to oversee the implementation of all aforementioned training for teachers, staff, administrators, and students.

- o  Appoint an Industrial Organizational Psychologist to conduct an assessment and identification of the district's policies, practices and procedures that result in the racist discriminatory institutional practices at Bloomfield Hills High School.

- o  Appoint a special master to monitor the progress toward eliminating the racist, unlawful, discriminatory, institutional customs, policies, and practices until said practices no longer exist.

- o  Immediately hire African American teachers and staff which reflect the percent of African American Students in attendance at BHHS.

- o  All other relief that is and/or may be appropriate.

    e.  Compensatory damages;

    f.  Punitive damages of $150,000,000;

    g.  An order for an award of actual reasonable attorney fees and litigation expenses;

    h.  An order for all such other relief the court deems equitable.

November 18, 2021                    Respectfully Submitted,

                                     MUNGO & MUNGO AT LAW, PLLC

                                     /s/ Leonard Mungo_____
                                     Leonard Mungo (P-43562)
                                     Attorneys for Plaintiff
                                     31700 Telegraph Rd., Ste 250
                                     Bingham Farms, MI 48025
                                     (248)792-7557 (phone)
                                     (248)792-7303 (fax)
                                     Caseaction@Mungoatlaw.com

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

S.M., a minor, by and through her Parents
and natural guardians, CEDRIC MCCARRALL
and CARMEN DAVIDSON-MCCARRALL,
individually on behalf of themselves and all
those similarly situated,

        Plaintiff,

vs.

                                   Case No.
                                   Hon.
                                   Magistrate Judge

BLOOMFIELD HILLS SCHOOL DISTRICT,
PATRICK WATSON and CHARLIE
HOLLERITH in their individual and official
capacities;

        Defendant.

_____/

Leonard Mungo (P43562)
Mungo & Mungo at **Law, PLLC**
Attorneys for Plaintiff
31700 Telegraph Rd., Ste 250
Bingham Farms, MI 48025
(248)792-7557 (phone)
(248)792-7303 (fax)
Caseaction@Mungoatlaw.com

_____/

_____

## **JURY DEMAND**

Plaintiffs demands a jury trial on all causes of action and claims to which they have a right to
jury trial.

                                  Respectfully submitted,

                                  /s/ Leonard Mungo_____
                                  Attorneys for Plaintiff

Dated: November 18, 2021