# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

S.M., a minor, by and through her Parents
And natural guardians, CEDRIC McCARRALL
And CARMEN DAVIDSON-McCARRALL,
Individually on behalf of themselves and all
those similarly situated,

   Plaintiffs,

 vs.             Case No. 21-cv-12707

BLOOMFIELD HILLS SCHOOL DISTRICT, Hon. Mark A. Goldsmith
PATRICK WATSON and CHARLIE    Mag. Judge Kimberly G. Altman
HOLLERITH, in his individual and
official capacities,

   Defendants.
_____/

| | |
|---|---|
| LEONARD MUNGO  P43562 | MICHAEL D. WEAVER  P43985 |
| Mungo & Mungo at Law, PLLC | Plunkett Cooney |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 31700 Telegraph Road | 38505 Woodward |
| Suite 250 | Suite 100 |
| Bingham Farms, MI  48025 | Bloomfield Hills, MI  48034 |
| (248) 792-7557 | (248) 901-4025 |
| caseaction@mungoatlaw.com | mweaver@plunkettcooney.com |

## DEFENDANT'S ANSWER TO COMPLAINT
## WITH AFFIRMATIVE DEFENSES AND
## RELIANCE ON JURY DEMAND

NOW COMES Defendants, BLOOMFIELD HILLS SCHOOL DISTRICT, (improperly named – proper name is BLOOMFIELD HILLS SCHOOLS), PATRICK WATSON ("WATSON")  and CHARLIE HOLLERITH ("HOLLERITH"), by and through their attorneys, Plunkett Cooney, in Answer to Plaintiff's Complaint, state as follows:

## PRELIMINARY STATEMENT

1. Defendants deny that a viable cause of action exists.

2. Defendants deny the allegations contained therein as same are untrue.

3. Defendants deny the allegations contained therein as same are untrue.

4. Defendants deny the allegations contained therein as same are untrue.

5. Defendants deny the allegations contained therein as same are untrue.

6. Defendants deny the allegations contained therein as same are untrue.

7. Defendants deny the allegations contained therein as same are untrue.

8. Defendants deny the allegations contained therein as same are untrue.

9. Defendants deny the allegations contained therein as same are untrue.

10. Defendants deny the allegations contained therein as same are untrue.

11. Defendants deny that a viable cause of action exists.

## JURISDICTION AND VENUE

12. Defendants deny that a viable cause of action exists.

13. Defendants deny that a viable cause of action exists.

14. Defendants deny that a viable cause of action exists.

15. Defendants deny that a viable cause of action exists.

16. Defendants deny that a viable cause of action exists.

## PARTIES

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

19. Defendant BLOOMFIELD HILLS SCHOOLS admit that it is a governmental entity engaged in the exercise and discharge of a governmental function. Accordingly, all claims are barred by governmental immunity. By way of further answer, Defendants are at a loss to explain why this paragraph in the Complaint refers to "FPS". Defendant has no ability to identify FPS or determine whether or not "FPS" acted as alleged in this paragraph of this Complaint.

20. Defendant PATRICK WATSON (WATSON), admits that he is the highest elected or pointed official in the district and, accordingly, Plaintiffs' claims are barred by governmental immunity/absolute immunity and qualified immunity.

21. Defendant CHARLIE HOLLERITH (HOLLERITH), admits that he was the principal of Bloomfield Hills High School and further states he was a governmental employee engaged in the exercise and discharge of a governmental function. Accordingly, all claims are barred by governmental immunity and/or qualified immunity.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

**CLASS ACTION ALLEGATIONS**

23. Defendants admit the allegations contained therein.

24. Defendants deny the allegations contained therein as same are untrue.

25. Defendants admit that they operate a school district and, more specifically, a high school. They are a governmental entity engaged in the exercise and discharge of governmental function. According, all claims are barred by governmental immunity.

26. Defendants deny that a viable cause of action exists.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

28. Defendants deny the allegations contained therein as same are untrue.

29. Defendants deny the allegations contained therein as same are untrue.

30. Defendants deny the allegations contained therein as same are untrue.

31. Defendants deny the allegations contained therein as same are untrue.

32. Defendants deny the allegations contained therein as same are untrue.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

34. Defendants deny the allegations contained therein as same are untrue.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

36.. Defendants deny that any of the alleged injunctive relief is applicable. In addition, Plaintiffs have not pled any alligations that would support injunctive relief.

## **FACTUAL BACKGROUND**

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

38. Defendants deny the allegations contained therein as same are untrue.

39. Defendants deny the allegations contained therein as same are untrue.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

41. Defendants deny the allegations contained therein as same are untrue.

42. Defendants deny the allegations contained therein as same are untrue.

43. Defendants deny the allegations contained therein as same are untrue.

44. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

45. The allegation, as written, is nonsensical. Specifically, the allegation begins with the following sentence, "A Roster of all of the Equestrian team members was complied." Accordingly, no response is required as it is relates to this nonsensical sentence. As it relates to the remainder of the allegation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

46. Defendants deny the allegations contained therein as same are untrue.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation. By way of further answer, Defendants indicate that any individual who sought to be a member of the team was welcome as a member of the team.

48. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

50. Defendants deny the allegations contained therein as same are untrue. By way of further answer, it is clear that Plaintiff counsel and/or Plaintiff did not investigate this allegation at all. The alligation is false and sanctions will be sought pursuant to FRCP 11.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

52. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

54. Defendants deny the allegations contained therein as same are untrue.

55. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

57. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

58. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

59. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

60. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

61. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

62. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation. By way of further answer, this is again an allegation that was not properly investigated by Plaintiffs/Plaintiff Counsel. The factual pattern is inaccurate and/or incomplete. Rule FRCP 11 sanctions will be sought.

63. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

## COUNT I

### CAUSE OF ACTION:
### 42 U.S.C § 1983-14TH AMENDMENT
### EQUAL PROTECTION ALL DEFENDANTS

64. Defendants reallege and incorporate paragraphs 1 through 63 above as though more fully set forth herein.

65. Defendants objection to this allegation in that it calls for legal conclusion.  Without waiving the objection, Defendant indicates that it is a governmental entity and/or are governmental employees, engaged in the exercise and discharge of a governmental function.  Accordingly, all claims are barred by governmental immunity.

66. Defendants deny the allegations contained therein as same are untrue.

67. Defendants deny the allegations contained therein as same are untrue.

68. Defendants deny the allegations contained therein as same are untrue.

69. Defendants deny the allegations contained therein as same are untrue.

70. Defendants deny the allegations contained therein as same are untrue.

71. Defendants deny the allegations contained therein as same are untrue.

72. Defendants deny the allegations contained therein as same are untrue, inclusive of subparagraphs a. through c.

73. Defendants deny the allegations contained therein as same are untrue.

## COUNT II

## CAUSE OF ACTION:
## 42 U.S.C. § 1985 (3)
## INVIDIOUS RACIAL ANIMUS

74. Defendants reallege and incorporate paragraphs 1 through 73 above as though more fully set forth herein.

75. Defendants reallege and incorporate paragraphs 1 through 74 above as though more fully set forth herein.

76. Defendants deny the allegations contained therein as same are untrue.

77. Defendants object to this allegation in that it calls for legal conclusion. Without waiving the objection, Defendants deny that they violated 42 U.S.C. §1985.

78. Defendants deny the allegations contained therein as same are untrue.

79. Defendants objects to this allegation in that it calls for a legal conclusion. Without waiving the objection, Defendants deny that they violated the equal protection clause.

80. Defendants deny the allegations contained therein as same are untrue

81. Defendants deny the allegations contained therein as same are untrue, including subparagraphs a. through d.

82. Defendants deny the allegations contained therein as same are untrue.

### COUNT III

### CAUSE OF ACTION: 42 U.S.C. §1986 INVIDIOUS RACIAL ANIMUS

83. Defendants reallege and incorporate paragraphs 1 through 83 above as though more fully set forth herein.

84. Defendants deny the allegations contained therein as same are untrue.

85. Defendants deny the allegations contained therein as same are untrue.

86. Defendants deny the allegations contained therein as same are untrue, including subparagraphs a. through d.

## COUNT IV

## TITLE IV, 42 U.S.C. § 2000d

87. Defendants reallege and incorporate paragraphs 1 through 85 above as though more fully set forth herein.

88. Defendants object to this allegation in that it calls for a legal conclusion. In addition, the title of this count states "Title IV" while this paragraph states "Title VI". A gain, it is difficult to Answer a Complaint when there are contradictory statements throughout the Complaint. That being said, and without waiving any objection, Defendants deny they violated 42 U.S.C. § 2000d.

89. Defendants acknowledge that the Plaintiffs have quoted a small portion of 42 U.S.C. § 2000d.

90. Defendants admit the allegations contained therein.

91. Defendants deny the allegations contained therein as same are untrue.

92. Defendants deny the allegations contained therein as same are untrue.

93. Defendants deny the allegations contained therein as same are untrue.

94. Defendants deny the allegations contained therein as same are untrue.

95. Defendants deny the allegations contained therein as same are untrue.

96. Defendants deny the allegations contained therein as same are untrue.

## COUNT V

## MCL 37.2302- ELLIOTT-LARSEN CIVIL RIGHTS ACT

97. Defendants reallege and incorporate paragraphs 1 through 96 above as though more fully set forth herein.

98. Defendants object this allegation in that it calls for a legal conclusion. Without waiving the objection, Defendants indicates that they have not violated MCL § 37.2103. Moreover, Defendants are a governmental agency and governmental employees engaged in the exercise and discharge of a governmental function and, accordingly, all claims are brought by governmental immunity.

99. Defendants deny the allegations contained therein, including subparagraphs a. through d., and subparagraphs a. through c., as same are untrue.

WHEREFORE, Defendants, BLOOMFIELD HILLS SCHOOL DISTRICT, (improperly named – proper name is BLOOMFIELD HILLS SCHOOLS), PATRICK WATSON and CHARLIE HOLLERITH request that the Court enter a judgment of

No Cause for Action together with costs and attorney's fees so wrongfully sustained in defending this litigation.

                PLUNKETT COONEY

BY:    /s/Michael D. Weaver
         MICHAEL D. WEAVER  P43985
         Attorney for Defendants
         38505 Woodward Avenue
         Suite 100
         Bloomfield Hills, MI  48304
         Tele:  (248) 901-4025
         mweaver@plunkettcooney.com

**AFFIRMATIVE DEFENSES**

NOW COME Defendants, BLOOMFIELD HILLS SCHOOL DISTRICT, PATRICK WATSON and CHARLIE HOLLERITH, by and through their attorneys, Plunkett Cooney, and submit the following Affirmative Defenses which may be relied upon at the time of trial of this matter:

1.    Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiffs' Complaint is barred by governmental immunity, absolute immunity and qualified immunity.

3.    There is no viable class action in that Plaintiffs are unable to meet the elements necessary to plead and prove and certify a class action.

    4.  Plaintiffs' Complaint is barred by the applicable Statute of Limitations.

    5.  Plaintiffs' Complaint is barred by the Eleventh Amendment.

    3.  Plaintiffs' Complaint is barred by qualified immunity.

    4.  Plaintiffs' Complaint is barred by absolute immunity.

    6.  Plaintiffs' Complaint is barred in that Plaintiffs have failed to mitigate their damages.

    7.  Plaintiffs are unable to formulate and sustain commonality, and other elements required under Fed R Civ P, to sustain a class action.

    8.  Plaintiffs' damages, if any, are the result of intervening acts.

    9.  Plaintiffs' damages are barred for the reason that the individually-named Defendants are entitled to qualified immunity.

    10.  Plaintiffs' 42 USC §1983 claim is barred for the reason that the theory of *respondeat superior* is not a basis for a viable claim under the statute.

    11.  Plaintiffs' claims are barred for the reason that there has been no official policy, custom or practice alleged in this boilerplate complaint and Plaintiffs are being placed on notice that 42 USC §1988 and Fed R Civ P 11 sanctions will be sought.

12. Plaintiffs' claims are barred for the reason that the allegations sound in simple negligence and the conduct complained of is not the type contemplated under 42 USC §1983.

13. Plaintiffs' claims are barred for the reason that Plaintiffs have failed to allege a deprivation of a specific constitutional right.

14. The claimed activity does not result from state action.

15. The proximate cause of any injury sustained by Plaintiffs are the result of Plaintiff's own acts and omissions.

16. The proximate cause of any injury sustained by Plaintiffs are the result of the acts and omissions of other parties, not the Defendants in this litigation.

17. Plaintiffs lack standing to present the claims in this Complaint.

18. Defendants reserve the right to amend these Affirmative Defenses up until the time of trial of this matter.

PLUNKETT COONEY

BY: /s/Michael D. Weaver
MICHAEL D. WEAVER  P43985
Attorney for Defendants
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI  48304
Tele:  (248) 901-4025
mweaver@plunkettcooney.com

## RELIANCE ON JURY DEMAND

NOW COME Defendants, BLOOMFIELD HILLS SCHOOL DISTRICT, PATRICK WATSON and CHARLIE HOLLERITH by and through their attorneys, Plunkett Cooney, and hereby rely on the jury demand as filed by Plaintiffs on or about November 18, 2021.

> PLUNKETT COONEY
>
> BY:    /s/Michael D. Weaver
> MICHAEL D. WEAVER  P43985
> Attorney for Defendants
> 38505 Woodward Avenue
> Suite 100
> Bloomfield Hills, MI  48304
> (248) 901-4025
> mweaver@plunkettcooney.com

## PROOF OF SERVICE

I hereby certify that on December 1, 2021, a copy of Defendants' Answer to Complaint, Affirmative Defenses and Reliance Upon Jury Demand was electronically filed and the attorney(ies) of record received notice via the court's ECF system.

> PLUNKETT COONEY
>
> **/s/Michael D. Weaver**
> MICHAEL D. WEAVER (P43985)
> Attorney for Defendants
> mweaver@plunkettcooney.com

Open.13194.15674.27600552-1