UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S.M., a minor, by and through her
parents, C.M. and D.M., and C.M.
and D.M. individually; K.A., a minor,
by and through her parent, N.A., and
N.A. individually; M.S., a minor, by
and through her parent, S.C., and S.C.
individually; K.F., a minor, by and
through her parent, C.F., and C.F.
individually; C.S., a minor, by and
through her parent, S.S., and S.S.
individually; D.A., a minor, by and
through her parent., E.A., and E.A.
individually; and R.H., a minor, by and
through his parent, J.H., and J.H.
individually,

    Plaintiffs,

v.

BLOOMFIELD HILLS SCHOOL
DISTRICT, PATRICK WATSON, and
CHARLIE HOLLERITH, in their
individual and official capacities,

    Defendants.
_____/

Case No. 2:21-cv-12707
District Judge Mark A. Goldsmith
Magistrate Judge Kimberly G. Altman

## REPORT AND RECOMMENDATION TO DISMISS K.A, A MINOR, WITHOUT PREJUDICE

I.      Introduction

Plaintiffs are parents and their minor children who are suing Defendants

1

claiming a violation of their civil rights. As noted in a previous Order, (ECF No. 31), Plaintiffs' counsel filed a motion to withdraw from the representation of two Plaintiffs, K.A., a minor, and her parent, N.A., individually, which was granted by the District Court. (ECF No. 28). All pretrial proceedings were then referred to the undersigned. (ECF No. 29). For the reasons that follow, the undersigned RECOMMENDS that K.A. be DISMISSED WITHOUT PREJUDICE.

## II. Background

After the date provided by the District Court for K.A. and N.A. to obtain counsel passed, N.A. was deemed to be proceeding *pro se*. (ECF No. 31). However, as the undersigned previously noted, K.A., as a minor, cannot represent herself, and N.A. cannot represent her interests *pro se*. (*Id*.). As the undersigned explained,

> the Court of Appeals for the Sixth Circuit has explained that "[a]lthough 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (quoting 28 U.S.C. § 1654). Therefore, "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Id.* at 970–971[.]

(*Id*., PageID.277-278).

K.A. was given until November 14, 2022 to obtain counsel (*id*.). That date has since passed and no counsel has entered an appearance on her behalf.

2

III. Discussion

When a non-attorney plaintiff proceeding *pro se* brings a claim on behalf of a minor child, the proper approach is to dismiss the case without prejudice. *See, e.g.*, *Moses v. Gardner*, No. 15-5971, 2016 WL 9445913, at *1 (6th Cir. May 24, 2016); *B.K. v. Alcona Cnty. Comm. Schs. Bd. of Educ.*, No. 1:21-cv-12252, 2021 WL 4593992, at *1–2 (E.D. Mich. Oct. 6, 2021); *T.B. v. Mad River City Sch. Dist. Bd. of Educ.*, No. 3:21-CV-256, 2021 WL 4321160, at *2 (S.D. Ohio Sept. 23, 2021).

On the above authority, the case was stayed as to K.A. only until November 14, 2022 to give K.A. time to secure counsel. (ECF No. 31, PageID.279). The undersigned cautioned that if no counsel appeared on K.A.'s behalf by that date, her claims would be dismissed without prejudice. (*Id.*). The Order was mailed to K.A. and N.A. at the only address that could be found for them in this matter's filings, as neither plaintiff provided an address to the Court after their attorneys withdrew from the matter. The mailed Order was returned to the Court as undeliverable as to each. (ECF Nos. 33, 34). The undersigned's chambers then reached out to K.A. and N.A.'s former counsel in an attempt to obtain a different address for them but was only provided with the address already used.

IV. Conclusion

Because K.A. is a minor and is not represented by counsel, the undersigned

3

RECOMMENDS that K.A. be DISMISSED WITHOUT PREJUDICE.


Dated: November 17, 2022        s/Kimberly G. Altman
Detroit, Michigan                KIMBERLY G. ALTMAN
                                     United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

4

objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 17, 2022.

s/Carolyn M. Ciesla<br>
CAROLYN M. CIESLA<br>
Case Manager