UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S.M. a minor by and through her parents, C.M. and
D.M. and C.M. and D.M. individually, N.A.
individually, M.S., a minor by and through her
parent S.C., and S.C., individually, K.F., a minor,
by and through her parent, C.F., and C.F.
individually, C.S. a minor by and through her
parent, S.S. and S.S. individually, R.H. a minor by
and through his parent J.H. and J.H. individually,

      Plaintiffs,

v.

BLOOMFIELD HILLS SCHOOL
DISTRICT, PATRICK WATSON,
and CHARLIE HOLLERITH, in
their individual and official capacities,

      Defendants.

Case No. 2:21-cv-12707
District Judge Mark A. Goldsmith
Magistrate Judge Kimberly G. Altman

_____/

## REPORT AND RECOMMENDATION TO DISMISS N.A. FOR FAILURE TO PROSECUTE

I.     Introduction

Plaintiffs are parents and their minor children who are suing defendants

claiming a violation of their civil rights.  As will be explained below, plaintiff N.A.

has failed to update the Court with her contact information after the withdrawal of

her attorney, and has not responded to the Court's Order to Show Cause (ECF No.

39) as to why her case should not be dismissed for failure to prosecute. Accordingly, the undersigned RECOMMENDS that N.A. be DISMISSED WITHOUT PREJUDICE for failure to prosecute her case.

## II.    Background

As noted in a previous Order, Plaintiffs' counsel filed a motion to withdraw from the representation of two of the plaintiffs, K.A., a minor, and her parent, N.A., individually, which was granted.  (ECF No. 28).  All pretrial proceedings were then referred to the undersigned.  (ECF No. 29).

The date provided for K.A. and N.A. to obtain counsel passed, and N.A. was deemed to be proceeding *pro se*.  (ECF No. 31).  However, N.A. has failed to update her contact information with the Court, and the address on file in this matter—obtained through a prior filing from her former counsel—appears to be incorrect.  *See* ECF No. 34 (mail to the address returned as undeliverable).  The undersigned then reached out to N.A.'s former counsel in an attempt to obtain a different address for her but was only provided with the address already on file.

The undersigned then issued an Order to Show Cause, ordering N.A. to provide her current contact information and explain why her case should not be dismissed for failure to prosecute.  (ECF No. 39).  N.A. was given until December 8, 2022 to respond.  That date has passed and N.A. has not responded.

### III.    Discussion

As noted in the Order to Show Cause directed at N.A.,

> Parties who are not represented by counsel must keep the Court
> informed of their contact information.  E.D. Mich. LR 11.2.  When a
> pro se party fails to promptly update her contact information, she may
> face sanctions, including dismissal of the complaint.  *Id*.; *Bugg v.
> Bauman*, No. 2:19-CV-10262, 2020 WL 7346690, at *1 (E.D. Mich.
> Oct. 19, 2020).

(ECF No. 39, PageID.514-515).  Rule 11.2 of the Local Rules of the Eastern

District of Michigan specifically states as follows:

> Every attorney and every party not represented by an attorney must
> include his or her contact information consisting of his or her address,
> e-mail address, and telephone number on the first paper that person files
> in a case.  If there is a change in the contact information, that person
> promptly must file and serve a notice with the new contact information.
> The failure to file promptly current contact information may subject
> that person or party to appropriate sanctions, which may include
> dismissal, default judgment, and costs.

E.D. Mich. L.R. 11.2.  *Pro se* litigants have the same obligation as an attorney to

notify the court of a change of address.  *Carey v. King*, 856 F.2d 1439, 1441 (9th

Cir. 1988).

Additionally, Federal Rule of Civil Procedure 41(b) authorizes a federal

court to dismiss a case based upon the "failure of the plaintiff to prosecute or to

comply with these rules or any order of the court . . . ," Fed. R. Civ. P. 41(b), and

Rule 41.2 of the Local Rules of the Eastern District of Michigan authorizes the

court to dismiss a case "when it appears that . . . the parties have taken no action

3

for a reasonable time." E.D. Mich. L.R. 41.2. The Court may therefore dismiss a civil action for failure to prosecute under these rules. *See Mulbah v. Detroit Bd. of Ed.*, 261 F.3d 586, 589 (6th Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Here, N.A. had a duty to provide the court with her current address and has been warned that a failure to do so may result in her dismissal from this case. She has not complied with Local Rule 11.2 and the Court's Order to Show Cause, nor has she taken any action or participated in this case since the withdrawal of her representation. Under these circumstances, N.A. has abandoned her case and dismissal is warranted. *See e.g., White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (affirming dismissal of complaint for want of prosecution based upon failure to provide current address); *Harkleroad v. Astrue*, No. 4:03-CV-15, 2011 WL 3627161, at *3 (N.D. Ohio Aug. 17, 2011) ("Indeed, dismissal for failure to prosecute may be appropriate when a *pro se* plaintiff fails to keep the court apprised of her current address.").

### III. Conclusion

For the reasons stated above, the undersigned RECOMMENDS that N.A.'s claims against Defendants be DISMISSED WITHOUT PREJUDICE.

Dated: December 15, 2022                    s/Kimberly G. Altman
Detroit, Michigan                           KIMBERLY G. ALTMAN
                                            United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," etc.  If the court determines that any objections are without

merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 15, 2022.

s/Carolyn M. Ciesla
CAROLYN M. CIESLA
Case Manager